IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-642-FL

| | | |
|---|---|---|
| GORDON GRAVELLE o/a CodePro Manufacturing, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| KABA ILCO CORP., KABA AG, and KABA HOLDING AG, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and motion to strike pursuant to Rule 12(f)(2) (DE 16). In their motion, defendants also request entry of a prefiling injunction against plaintiff. Plaintiff has responded and defendants have replied. Issues raised are ripe for ruling. For the following reasons the court will grant in part and deny in part defendants' motion.

## STATEMENT OF THE CASE

Plaintiff, proceeding *pro se*, initiated this matter by filing a motion for leave to proceed *in forma pauperis* on September 6, 2013. Pursuant to the court's order, plaintiff filed a particularized motion on September 23, 2013. This motion was denied by order entered September 26, 2013. Plaintiff then paid the requisite filing fee, and filed a complaint against defendant Kaba Ilco Corp. ("Kaba Ilco") on October 29, 2013 (DE 9).

That same day, plaintiff filed an amended complaint against defendants Kaba Ilco, Kaba AG, and Kaba Holding AG (DE 10). Plaintiff's amended complaint presents four claims, namely: (1)

a request for declaratory relief from this court to the effect that an arbitration agreement alleged to be between plaintiff and defendant Kaba Ilco was unenforceable; (2) a claim against all defendants for false advertising in violation of 35 U.S.C. § 292; (3) a claim against all defendants for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (4) a claim against all defendants for violations of the North Carolina Unfair and Deceptive Trade Practices Act, N.C Gen. Stat. § 75-1.1 *et seq.* Defendants filed the instant motion to dismiss plaintiff's first claim for relief, and to strike portions of plaintiff's complaint (DE 16). Therein, defendants also request that the court enter a prefiling injunction against plaintiff, enjoining him from filing further actions against defendant Kaba Ilco or related entities seeking to invalidate an arbitration award unless he first obtains permission from this court.

## STATEMENT OF FACTS

The facts as alleged by plaintiff are as follows: Plaintiff, a resident of Ontario, Canada, owns and operates CodePro Manufacturing ("CodePro"), which is primarily engaged in the business of creating and selling key cutting machines. Am. Compl. ¶¶ 9-11. In 1998, CodePro began selling a commercial key cutting machine, the CodePro 4500. Id. ¶ 22. In 2004, defendant Kaba Ilco, a limited liability North Carolina company, took an interest in the CodePro 4500. Id. ¶ 24. Defendant Kaba Ilco's parent companies are Swiss corporations: defendant Kaba AG, and defendant Kaba Holding, AG. Id. ¶¶ 14-15; see also Def. Kaba Ilco's Financial Disclosure Statement (DE 13). Defendant Kaba Ilco is engaged in, among other things, the business of creating and selling key cutting machines. Am. Compl. ¶ 19.

In 2006, plaintiff and defendant Kaba Ilco entered into an agreement whereby defendant Kaba Ilco obtained the intellectual property rights to the CodePro 4500. Id. ¶ 25. Pursuant to that

agreement, plaintiff agreed to an eight-year, worldwide non-competition agreement. Id. ¶ 26. Plaintiff worked as a consultant to defendant Kaba Ilco between 2006 and 2008 to help create a new key cutting machine, the EZ Code machine. Id. ¶ 30. Relations between plaintiff and defendant Kaba Ilco deteriorated during this time. Defendant Kaba Ilco refused to pay plaintiff monies owed under their agreement and induced plaintiff to disclose the name of a third party engineering firm with whom he had worked in an attempt to interfere with their business relationship. Id. ¶¶ 30-39.

Plaintiff retained counsel, and on April 22, 2008, the parties entered into a settlement agreement, which included an arbitration agreement. Id. ¶¶ 40-42. In November, 2008, plaintiff brought a suit in Ontario, Canada, against defendant Kaba Ilco and their general manager, which was dismissed without prejudice by consent of all parties. Id. ¶¶ 46-48. Plaintiff filed a second suit in Ontario on September 23, 2010. Id. ¶ 49. This suit was stayed in favor of arbitration after plaintiff stipulated to same. Id. ¶ 50. The arbitrator held that the noncompetition agreement between plaintiff and defendant Kaba Ilco was unenforceable, but granted defendant Kaba Ilco's partial motion to dismiss other claims by plaintiff. Id. ¶¶ 53-54. Plaintiff filed suit in this court, seeking to vacate the arbitration award. Id. ¶ 55. This motion was denied by order entered September 16, 2013. See Gravelle v. Kaba Ilco Corp., No. 5:13-CV-160-FL, 2013 WL 5230355 (E.D.N.C. Sept. 16, 2013). Plaintiff appealed this order, which was affirmed by the Fourth Circuit Court of Appeals. See Gravelle v. Kaba Ilco Corp. --- F. App'x ----, 2014 WL 1099771 (4th Cir. Mar. 21, 2014).

**COURT'S DISCUSSION**

A.  Motion to Dismiss

    1.  Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which

3

relief can be granted is to eliminate claims that are factually or legally insufficient. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

    2.    Analysis

Defendants contend that plaintiff's first claim – wherein he seeks a declaration by the court that an arbitration agreement alleged to be between plaintiff and defendant Kaba Ilco is unenforceable – must be dismissed as it is barred both by claim preclusion and issue preclusion. A claim is barred by claim preclusion if there was "'(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of

4

parties or their privies in the two suits.'" Clodfelter v. Republic of Sudan, 720 F.3d 199, 210 (4th Cir. 2013) (quoting Pueschel v. United States, 369 F.3d 345, 354-55 (4th Cir. 2004)).

Plaintiff previously brought before this court the case of Gravelle v. Kaba Ilco Corp., No. 5:13-CV-160 ("Gravelle I"). The court entered a final judgment on the merits in that case on September 16, 2013. See Judgment in Gravelle I, (Sept. 16, 2013). In that case, defendant sought, among other things, a declaration from this court that the arbitration agreement at issue in this case was unenforceable. See Pl.'s Am. Mot. to Vacate Arbitration Award in Gravelle I, at 2 (Aug. 16. 2013) ("[Plaintiff] again respectfully moves for . . . an Order declaring any agreement to arbitrate between the parties as void and unenforceable . . . ."). Thus, there is an identify of causes of action as between that case and plaintiff's first cause of action in the instant matter. Finally, there is an identity of parties. Plaintiff in this matter was also the plaintiff in Gravelle I, and defendant Kaba Ilco was a defendant in Gravelle I. Although defendants Kaba AG and Kaba Holding AG were not defendants in Gravelle I, they are parents companies of defendant Kaba Ilco. See Def. Kaba Ilco's Financial Disclosure Statement (DE 13). Such a relationship is sufficient to establish privity. See Whitehead v. Viacom, 233 F. Supp. 2d 715, 721 (D. Md. 2002), aff'd sub nom. Whitehead v. Viacom, Inc., 63 F. App'x 175 (4th Cir. 2003)(relationship of parent and subsidiary is sufficient to establish privity between parties for purposes of claim preclusion). Thus, plaintiff's first claim is barred by claim preclusion, and defendants' motion to dismiss this claim is granted.[1]

---

[1] The court notes that plaintiff's claim is also barred by issue preclusion.

"A party seeking to rely on the doctrine of collateral estoppel is obliged to establish five elements: (1) that the issue sought to be precluded is identical to one previously litigated ('element one'); (2) that the issue was actually determined in the prior proceeding ('element two'); (3) that the issue's determination was a critical and necessary part of the decision in the prior proceeding ('element three'); (4) that the prior judgment is final and valid ('element four'); and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum ('element five')." Westmoreland Coal Co., Inc. v. Sharpe ex rel. Sharpe, 692 F.3d 317, 330 (4th Cir. 2012) (quotations omitted). All five of these elements are met in the instant case.

5

B.	Motion to Strike

1.	Standard of Review

Rule 12(f) states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of the motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues. The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike." Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 547 (E.D.N.C. 2005) (internal citations and quotation marks omitted). However, motions to strike are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations omitted). Therefore, "motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party." Godfredson, 387 F.Supp. 2d at 547-48. Furthermore, when considering a motion to strike against a *pro se* litigant, the court does not hold such litigant to "the same stringent standards as attorneys." Sawyer v. Potash Corp. of Saskatchewan, 417 F.Supp.2d 730, 738 (E.D.N.C. 2006).

2.	Analysis

Defendants move to strike paragraphs 22-56, 73-82, 99-102, and 103(E) of plaintiff's amended complaint. In paragraphs 22-56, plaintiff discusses his alleged past business relationship with defendants, and their previous legal battles. Plaintiff characterizes defendants' actions over the course of this relationship as – among other things – corrupt, unethical, unlawful, wanton, and amounting to extortion and fraudulent inducement. See Am. Compl. ¶¶ 22-56. In paragraphs 73-82

6

there are allegations by plaintiff that his own financial situation is quite bleak. Id. ¶¶ 76-78. In paragraphs 99-102 and 103(E) plaintiff discusses the alleged size and wealth of defendants and asserts that defendants' employees have violated defendants' code of conduct. Id. ¶¶ 99-102, 103(E). Defendants argue that these statements are immaterial to the case at hand if plaintiff's first claim is dismissed. However, other than conclusory assertions that these statements may prejudice defendants if not stricken, there is no showing as to how such prejudice would accrue to them. Should the case proceed to trial, the complaint will not be presented to the jury. Defendants may also be assured that the court will not consider material which is irrelevant to plaintiff's causes of action. Thus, because "striking a portion of a pleading is a drastic remedy," Waste Mgmt., 252 F.3d at 347, in the absence of a showing of actual prejudice from this material filed by a *pro se* litigant, defendants' motion to strike is denied.

C.  Motion for Prefiling Injunction

Defendants finally request that this court enter a prefiling injunction against plaintiff, requiring him to obtain permission from this court prior to filing another action against defendant Kaba Ilco or its related entities seeking to invalidate the arbitrator's award.

> In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party;s filings; and (4) the adequacy of alternative sanctions.

Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004). Imposition of a prefiling injunction is a "drastic remedy" which "must be used sparingly." Id. at 817.

> Thus, a judge should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions. Indeed, use of such measures against a *pro*

7

*se* plaintiff should be approached with particular caution and should remain very
much the exception to the general rule of free access to the courts.

Id. at 817-18 (internal quotations omitted).

Here, the court does not find that exigent circumstances compel such a drastic remedy as entry of a prefiling injunction against this *pro se* plaintiff. While the court finds that plaintiff's request for a declaratory judgment is repetitive of relief sought in Gravelle I and barred by the judgment in that case, it declines to enter a prefiling injunction against plaintiff based on this finding alone.

## CONCLUSION

Based upon the foregoing, the court GRANTS IN PART defendants' motion where they move to dismiss plaintiff's first claim, and DENIES IN REMAINING PART the motion.

SO ORDERED, this the 16th day of April, 2014.

_____
LOUISE W. FLANAGAN
United States District Court Judge