IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-642-FL

| | |
|---|---|
| GORDON GRAVELLE o/a CodePro Manufacturing, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| KABA ILCO CORP., | ) ) |
| Defendant. | ) ) |

ORDER

This matter comes before the court on defendant's motion for sanctions, made pursuant to Federal Rule of Civil Procedure 37(a) and (d). (DE 38). Also pending before the court is defendant's motion to strike from the record a filing made by plaintiff purportedly in opposition to defendant's affidavit in support of its motion for sanctions. (DE 50). The issues raised have been briefed fully and in this posture are ripe for ruling. For the reasons that follow, defendant's motion for sanctions is granted. Defendant's motion to strike is denied.

**BACKGROUND**

Plaintiff *pro se* initiated this matter on September 6, 2013. On October 29, 2013, the clerk entered the complaint on the docket. Immediately thereafter, plaintiff filed a "corrected" version of the complaint, which then became and now remains the operative pleading in this matter.

Plaintiff is a sole proprietor operating under the trade name CodePro. Plaintiff, as CodePro, manufactures electronic key cutting machines. Defendant, a limited liability company organized and

existing under the laws of North Carolina with its principal place of business in this state, manufacturers key blanks and key cutting or duplication machines. Plaintiff and defendant have a lengthy history, dating back almost a decade and beginning when defendant purchased from plaintiff the right to manufacture and sell a key cutting machine, known as the EZ Code.

Plaintiff asserts against defendant three causes of action for false advertising under the Patent Act, false advertising under the Lanham Act, as well as a violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq. In addition, plaintiff seeks a declaratory judgment declaring unenforceable an arbitration agreement existing between the parties. Plaintiff's various causes of action arise not out of defendant's purchase of the EZ Code, but, rather, defendant's marketing of the EZ Code as containing several "patent pending" features, which plaintiff contends amounts to both deceptive and false advertising.

On November 19, 2013, defendant filed a motion to dismiss the declaratory judgment action for failure to state a claim on which relief could be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), in addition to a motion to strike, pursuant to Federal Rule of Civil Procedure 12(f). On April 16, 2014, the court granted defendant's motion in part, inasmuch as it sought dismissal of plaintiff's claim asserting the invalidity of the arbitration agreement. The court denied defendant's motion in all other respects.

On July 25, 2014, the court entered a case management order, which set February 9, 2015, as the discovery deadline. On February 9, 2015, the parties jointly sought an extension of the discovery deadline, requesting up to and including April 30, 2015, to complete all outstanding discovery. In support of their motion, the parties indicated that plaintiff recently had undergone ear surgery and that during his recovery period he was unable to come to North Carolina for a previously

2

noticed deposition. The parties further indicated that plaintiff would be available to be deposed "in the latter half of April." (DE 31, 2). The court granted the parties' motion. However, despite the fact that defendant properly had noticed a deposition, plaintiff did not submit to a deposition in April 2015. Rather, plaintiff failed to attend his noticed deposition.

On May 29, 2015, defendant filed a consent motion for extension of time to file dispositive motions and a motion to compel plaintiff's attendance at a deposition. By order entered June 24, 2015, the court granted defendant's motion to extend the time for filing a motion to compel, giving defendant one week in which to file such motion. On July 1, 2015, defendant filed a motion to compel, pursuant to Federal Rule of Civil Procedure 37, as well as a motion for reimbursement of expenses incurred in noticing the April 2015, deposition, which plaintiff failed to attend.

By text order entered August 19, 2015, the court granted defendant's motion to compel and directed defendant to file an affidavit in support of its purported expenses by September 9, 2015. Defendant filed its affidavit, claiming $11,640.00 in expenses associated with plaintiff's failure to attend his April 2015, deposition as noticed. In particular, defendant claims expenses related to counsel's conferral with plaintiff prior to filing the motion, as well as expenses incurred as a result of drafting the motion to compel and for sanctions. On October 1, 2015, plaintiff responded in opposition to defendant's affidavit. That response was entered on the public docket on October 2, 2015. On October 19, 2015, defendant filed a motion to strike plaintiff's response in opposition, or, in the alternative, a response in opposition to plaintiff's October 1 response in opposition to the September 9 affidavit. On December 8, 2015, plaintiff responded in opposition to defendant's motion to strike.

3

## COURT'S DISCUSSION

A.  Responses Out of Time

The court elects to discuss defendant's motions out of order. Defendant moves the court to strike from the record plaintiff's response in opposition to its affidavit. Defendant contends that no response was allowed, and thus, plaintiff's filing is improper. The court will not strike plaintiff's filing. Rule 37 requires the court to award only "reasonable" attorney fees. Fed. R. Civ. P. 37(a)(5)(A) & (d)(3). Thus, plaintiff's response is proper inasmuch as it contests the reasonableness of defendant's attorney fees, the amount and break-down of which were unknown prior to defendant's September 9, 2015, filing. Accordingly, defendant's motion to strike (DE 50) is DENIED.

B.  Court's Order of June 24, 2015

In an order entered June 24, 2015, the court, in a footnote, observed that plaintiff had failed to demonstrate defendant's consent to service by electronic means. Relying on that characterization, the court denied plaintiff an extension of time in which to complete discovery. Defendant was served with plaintiff's request for said extension on April 30, 2015, the date on which discovery was scheduled to close under the then-operative Case Management Order. However, plaintiff did not file the motion with the clerk until some 29 days later, on May 29, 2015.

The court strikes that footnote as erroneous. Upon further review of the parties' pleadings, it appears that the parties consistently have noted their consent to service by electronic means in their various certificates of service. Nevertheless, that fact does not alter the court's conclusion. The court supplements its conclusion in its June 24, 2015, order as follows. Federal Rule of Civil Procedure 5(d) generally requires that all documents must be "filed [with the clerk] within a reasonable time after service [on the opposing party]." Although "reasonable time" is not defined

by the rules, courts typically grant parties a window of several days in which to come into compliance with Rule 5(d). See, e.g., United States v. Int'l Bus. Mach. Corp., 68 F.R.D. 613, 615 16 (S.D.N.Y. 1975) (noting reasonableness of the time of filing must be judged by last day for proper service). Here, where plaintiff filed with the court his motion some four weeks after the service deadline, as well as the discovery deadline that he sought to extend, had passed, the court readily concludes that time for said filing was unreasonable, thus rendering the motion untimely. Accordingly, notwithstanding any error in the court's prior order, the result ordered therein stands.

C.     Motion for Reimbursement of Expenses

Defendant moves the court for imposition of sanctions pursuant to Federal Rule of Civil Procedure 37(a) and (d). Specifically, defendant requests $11,640.00 in fees, which defendant contends are attributable to plaintiff's failure to appear at his deposition.

Federal Rule of Civil Procedure 37 authorizes imposition of sanctions where one party has committed "an abuse of the discovery rules." Stillman v. Edmund Sci. Co., 522 F.2d 798, 801 (4th Cir. 1975). As relevant to this case, Rule 37(a) provides that were a protective order "is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Similarly, subpart d mandates an award of costs "caused by" a party's failure to appear at its own properly noticed deposition. Id. 37(d)(1)(A)(i) & (d)(3). Proper notice is "reasonable written notice . . . stat[ing] the time and place of the deposition" and the method for recording the testimony. Id. 30(b)(1) & (3)(A). In either case, expenses incurred prior to the alleged discovery violation are not compensable. See Stillman, 522 F.3d at 801 n.8.

5

Defendant requests attorney fees, allowable under the rule, generally falling into one of two categories: time spent prosecuting its motion to compel and time spent conferring with plaintiff. Defendant's counsel submits that he has expended 24 hours of work, attributable to either of those categories, 22.5 of which were spent on the motion and 1.5 hours of which were spent in conference with plaintiff.

Turning first to the costs attributable to counsel's work on the motion, the court, as an initial matter, must consider what rule governs the award of costs in this instance. Defendant contends that costs should be awarded under Federal Rule of Civil Procedure 37(d), which governs, in part, awards of costs "caused by" a party's failure to appear at his properly noticed deposition. However, the court concludes that the costs sought by defendant are not compensable under subsection d. First, none of the costs sought are associated with the deposition itself. For example, defendant does not attempt to recover costs associated with court reporter fees, or attorney fees incurred while sitting idly by waiting for plaintiff to appear. Rather, counsel's entire billing statement is dedicated to defendant's later-filed motion to compel. Second, although the motion to compel arguably was "caused by" plaintiff's failure to appear at his deposition, the existence of a specific subpart of the same rule, which governs imposition of sanctions, including costs, as a result of an allowed motion to compel, weighs heavily in favor of applying Rule 37(a) to the instant dispute. In fact, subpart d does not authorize the court to compel attendance at a deposition. See Fed. R. Civ. P. 37(d).

Under Rule 37(a), a party that successfully prosecutes a motion to compel may recover the reasonable attorney fees expended in "making the motion." Fed. R. Civ. P. 37(a)(5). Defendant's expenses are as follows:

- 4.7 hours     analysis of case law in support of the motion to compel and for expense reimbursement

- 9.2 hours     outlining motion to compel; drafting motion

- 2.9 hours     revising and finalizing motion to compel and for expense reimbursement

- 5.7 hours     studying plaintiff's response in opposition; reading and familiarizing self with Local Rules governing reply briefs in discovery disputes.

(DE 46-1). Upon consideration of defendant's counsel's billing statement, the court concludes that not all of the time submitted is compensable under the rule.

In particular, the 5.7 hours spent by defendant's attorney reviewing plaintiff's response and familiarizing himself with the local rules is not compensable. The Local Rules govern litigant conduct in all cases filed in this district. Familiarity with the Local Rules is of paramount importance for any attorney admitted to practice before this court. Thus, the court finds that the time expended by defendant's attorney in his review of the Local Rules is not compensable. Although perfect understanding of the Local Rules perhaps is not attainable, plaintiff need not compensate defendant for attorney conduct that should have occurred at the time he was admitted to the bar of this court. See U.S. Dist. Ct. for the E. Dist. of N.C., Attorney Admission Application (2014) ("The Petitioner respectfully certifies unto the Court that the Petitioner . . . has studied . . . the Local Rules of this Court."), available at http://www.nced.uscourts.gov/pdfs/forms/attorneyAdmission ApplicationMemo.pdf. (last visited Dec. 22, 2015). Moreover, even though defense counsel studied plaintiff's response in opposition, given the brevity of that response (DE 43), the complexity of the Local Rules, and defense counsel's failure to separate out the time actually attributable to the study

7

of plaintiff's response in opposition, the court concludes that it is proper to disallow this item of cost in its entirety.

As to the remaining 16.8 hours, the court further concludes that defendant is not entitled to recover the for all hours claimed by defense counsel. As the court noted, defendant's motion to compel properly was governed by Rule 37(a), not 37(d) as was propounded in brief. Thus, the award of sanctions also is governed by that rule. Despite that fact, defendant never mentions Rule 37(a) in brief, instead advancing a theory under the more liberal subpart d. Accordingly, defendant's time must be discounted, inasmuch as defendant seeks to recover for research conducted into an inapposite rule. In addition, upon consideration of defendant's briefing on its "motion to compel," the court concludes that a further discount is warranted. Defendant's briefing addresses only the propriety of sanctions under subpart d; it is not actually related to a Rule 37(a) motion to compel. Considering the combined effect of defense counsel's inapt research and similarly unsuitable briefing, the court concludes that defendant must bear a significant portion of its costs. In particular, defendant shall not recover any expenses for the 4.7 hours spent analyzing case law in support of the motion, as it relates entirely to an inappropriately used section of the Rule. Further, defendant may recover its costs for only 50% of the 9.2 hours expended in drafting the motion and brief, as the analytical section of the brief, which encompasses 5 of its 10 substantive pages, is focused entirely on subpart d. The remaining 50% properly is taxed, as defendant's outline of the facts was helpful in the court's decision to grant the motion to compel. Similarly, defendant only may recover the cost of 50% of the time expended in revising and finalizing the motion, for the same reasons. Thus, defendant is entitled to recover for 6.05 hours of its attorney's time related to drafting the motion.

Turning next to the 1.5 hours incurred in consultation with plaintiff, the court finds that 1.3 hours attributable to those conferences are not compensable under Rule 37(a). Under subsections a and d of the rule, plaintiff only may be sanctioned for expenses occurring after the conduct necessitating the motion to compel, his failure to attend his previously noticed deposition. Stillman, 522 F.2d at 801 n.8; see also Fed. R. Civ. P. 37(a). Here, defense counsel expended 1.3 hours conferring with plaintiff regarding his attendance at his noticed deposition prior to the deposition's occurrence. That time is not compensable.

Defendant is entitled to recover funds expended for a total of 6.25 hours, assessed at defense counsel's usual hourly rate of $485.00 per hour. The court finds that this lodestar rate is reasonable given the complexity of the overall case, defense counsel's experience in the practice of law, generally, and his practice of intellectual property law, specifically, as well as the favorable result obtained for his client. **Accordingly, defendant is awarded $3,031.25 in reasonable attorney fees, taxable to plaintiff, to compensate it for the time expended by defense counsel in the prosecution of the instant motion to compel.**

## CONCLUSION

Based on the foregoing, defendant's motion to strike (DE 50) is DENIED. Defendant's motion for imposition of sanctions (DE 38) is GRANTED on the terms set forth herein.

SO ORDERED, this the 23rd day of December, 2015.

_____
LOUISE W. FLANAGAN
United States District Court Judge