IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:13-CV-642-FL

| | |
|---|---|
| GORDON GRAVELLE *operating as* *CodePro Manufacturing*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| KABA ILCO CORP., | ) ) ) |
| Defendant. | |

**ORDER ON APPLICATION FOR COSTS**

This matter is before the clerk on the application for costs filed by defendant Kaba Ilco Corp. The *pro se* plaintiff failed to file any objections or a motion for disallowance of costs, and the time for doing so has expired. See Local Civil Rule 54.1(b)(1). The matter is therefore ripe for determination. For the reasons set forth below, the application for costs is allowed in part.

## BACKGROUND

On May 9, 2016, the court granted defendant's motion for summary judgment, denied plaintiff's motion for summary judgment, and entered judgment in favor of defendant [DE-73]. Defendant timely filed an application for costs [DE-74] on May 19, 2016, and after receiving a notice from the clerk, timely filed a corrected application [DE-75].

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437,

441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In sum, defendant seeks recovery of $3,001.60 in costs from plaintiff.

More specifically, defendant seeks costs for printed and electronically recorded transcripts. Under 28 U.S.C. § 1920(2), fees of the court reporter for all or any part of the transcripts necessarily obtained for use in the case may be taxed against the losing party. In support of its request, defendant submits an invoice from Einstein & Associates for the deposition of plaintiff. The invoice includes charges for both stenographic and audiovisual services.

A party may recover the costs of both stenographic transcription of a deposition and videographer services provided that the party shows that both costs were "necessarily obtained for use in the case." Cherry v. Champion Int'l Corp, 186 F.3d 442, 449 (4th Cir. 1999). Where a party notices a deposition to be recorded by both electronic and stenographic means, and the other party raises no objection at that time, the court will award the costs of both recordings. See Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 511 (E.D.N.C. 2012) (awarding the prevailing party costs of both audiovisual and stenographic transcription of depositions where the other party failed to object after receiving notice that both methods of recording would be used). The record reflects that defendant noticed plaintiff's deposition to be recorded by both audiovisual and stenographic means. See Jan. 2015 Notice of Deposition [DE-40-3]; April 2015 Notice of Deposition [DE-40-8]. Although defendant eventually had to file a motion to compel plaintiff to submit to the deposition, plaintiff did not object to recording by both audiovisual and stenographic means. Additionally, defendant's counsel has declared under penalty of perjury

that costs were necessarily incurred in this action. Accordingly, defendant is awarded costs for both the printed and video depositions of plaintiff.

The invoice, however, also includes charges for postage and handling, exhibits, and multiple copies of the DVD of the deposition. These costs are not recoverable. See Local Civil Rule 54.1(c)(2); Dutton v. Wal-Mart Stores East, L.P., No 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."). Consequently, the costs for postage and handling, exhibits, and multiple copies of the DVD in the amount of $164.60 are disallowed, and defendant is awarded the remainder of $2,837.00 in costs for the recordings of plaintiff's deposition.

## CONCLUSION

In summary, as the prevailing party defendant Kaba Ilco Corp. is awarded $2,837.00 in costs pursuant to 28 U.S.C. § 1920(2), and these costs are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the 24th day of June, 2016.

_____
Julie Richards Johnston
Clerk of Court