IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-642-FL

| | |
|---|---|
| GORDON GRAVELLE, *operating as* *CodePro Manufacturing*, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | ORDER |
| KABA ILCO CORP., ) ) | |
| Defendant. ) | |

This case comes before the court on defendant's motion for attorney's fees. (DE 76). Plaintiff has not responded, and time for response has passed. In this posture the motion is ripe for ruling. For the reasons that follow, the court grants defendant's motion.

## BACKGROUND

Plaintiff pro se initiated this matter on September 6, 2013. Plaintiff is a sole proprietor operating under the trade name CodePro Manufacturing. Plaintiff, as CodePro Manufacturing, designed and manufactured an electronic key cutting machine, the CodePro 4500. In or around 2011, plaintiff also began to manufacture a second key cutting machine, the RapidKey 7000. Defendant, a limited liability company organized and existing under the laws of North Carolina with its principal place of business in this state, manufacturers key blanks and key cutting or duplication machines. Plaintiff and defendant have a lengthy history, dating back almost a decade and beginning when defendant purchased from plaintiff the right to manufacture and sell a key cutting machine, now known as the EZ Code.

Plaintiff claimed that defendant falsely labeled two features on its EZ Code machine as "patent pending," despite the fact that defendant never filed an application for a patent for those features, and that defendant's use of that false mark diverted sales away from CodePro Manufacturing. Plaintiff asserted against defendant two federal causes of action for false marking in violation of the Patent Act, 35 U.S.C. § 292; and false advertising in violation of the Lanham Act, 15 U.S.C. § 1125; as well as a state law claim for violation of the North Carolina Unfair and Deceptive Practices Act ("UDPA"), N.C. Gen. Stat. § 75–1.1 et seq.

Defendant moved for summary judgment on December 9, 2015, and plaintiff filed a cross motion for summary judgment on January 21, 2016. The court granted defendant's motion for summary judgment and denied plaintiff's motion for the same on May 9, 2016. Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642, 2016 WL 2644890 (E.D.N.C. May 9, 2016). On plaintiff's false marking claim, the court held that plaintiff had "not presented any evidence sufficient to support the inference that defendant caused him a competitive injury." Id. at *7. On plaintiff's false advertising claim, the court similarly held that plaintiff "failed to demonstrate damages proximately caused by defendant's conduct." Id. Finally, on plaintiff's UDPA claim the court held that plaintiff failed to adduce sufficient evidence of an "injury proximately arising from defendant's [conduct]." Id. at *8.

Defendant now seeks its attorney's fees, pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117, and N.C. Gen. Stat. § 6–21.5. Defendant argues that attorney's fees are warranted in this case because plaintiff was unable to prove damages, repeatedly admitted (or at least strongly implied) that he could not prove damages, but nevertheless litigated this case to judgment. Put another way, defendant contends plaintiff litigated an exceedingly weak case in an unreasonable manner.

2

## COURT'S DISCUSSION

A.  Patent Act Attorney's Fees: 35 U.S.C. § 285

The court may award attorney's fees in "exceptional" cases under the Patent Act. 35 U.S.C. § 285. An "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., __ U.S. __, 134 S. Ct. 1749, 1756 (2014). The decision to designate a case "exceptional" is a matter within the court's discretion, to be made on a case by case basis after considering "the totality of the circumstances." Id.

In assessing the totality of the circumstances, the court's discretion is guided by a nonexclusive list of factors. Those include frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence. See id. at 1756 n.6; see also Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994).

Plaintiff's false marking claim was "exceptionally meritless" and imposition of attorney's fees is warranted. See Octane, 134 S. Ct. at 1757 ("[An] exceptionally meritless claim[] may sufficiently set itself apart from mine-run cases to warrant a fee award."). Plaintiff's claim was "exceptionally meritless" because it was both frivolous and factually unreasonable in two respects. See Intex Recreation Corp. v. Team Worldwide Corp., 77 F. Supp. 3d 212, 216–17 (D.D.C. 2015); Cognex Corp. v. Microscan Sys., Inc., No. 13-CV-2027 JSR, 2014 WL 2989975, at *4 (S.D.N.Y. June 30, 2014). First, plaintiff failed to produce any evidence to suggest the CodePro 4500's sales had been damaged by defendant's false marking. Instead, he produced consistent sales numbers that

3

only began to taper off around the end of that machine's useful life.  See Gravelle, 2016 WL 2644890, at *4 (discussing lack of evidence).  Second, plaintiff produced no evidence to suggest the RapidKey 7000's sales were negatively impacted by defendant's false marking.  Plaintiff did nothing to demonstrate a decrease in RapidKey 7000 sales, as compared to his expectations, or to connect that decrease to defendant's use of a false "patent pending" mark.

Although the fact that the court granted defendant's motion for summary judgment does not control the "exceptional" inquiry, it does weigh in favor of that designation in this case.  Cf. LendingTree, LLC v. Zillow, Inc., 54 F. Supp. 3d 444, 458–59 (W.D.N.C. 2014) (holding denial of a motion for judgment as a matter of law counseled against "exceptional" designation); Cf. also United States v. Cochran, No. 4:12-CV-220-FL, 2015 WL 6455307 (E.D.N.C. Oct. 26, 2015) (holding court's denial of summary judgment was evidence of government's "substantially justified" litigation position under Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)).  While it is true that "[c]ourts every day see reasonable [arguments] that ultimately fail," Kirtsaeng v. John Wiley & Sons, Inc, 579 U.S. __, 136 S. Ct. 1979, 1988 (2016) (discussing attorney's fees under Copyright Act), here, plaintiff failed to advance any reasonable argument.  Rather, plaintiff advanced only "flawed" and "baseless arguments, which lacked factual support."  Intex, 77 F. Supp. 3d at 217.[1]  Plaintiff's lack of evidence demonstrated a lack of thoughtful consideration about the quantum of evidence necessary not only to prove his claim but to substantiate it at the most basic level.

Further, imposition of attorney's fees also is warranted here to discourage similar frivolous claims.  Sanctions will deter both this plaintiff and others from pursuing claims obviously lacking

---

[1]  Indeed, plaintiff suggested as much at his deposition.  (See Gravelle Dep., DE 55-1, 169:1–20) (acknowledging a lack of damages under the Patent Act and expressing intent to dismiss with prejudice the false marking claim).

4

factual support to the detriment of this defendant and other defendants. In finding imposition of attorney's fees warranted here, the court has considered the relative disparity in resources between the parties, as well as plaintiff's pro se status.

In sum, on the evidence presented at summary judgment, no litigant could have reasonably believed that plaintiff had been damaged by defendant's conduct. See Forest Grp., Inc. v. Bon Tool Co., 590 F.3d 1295, 1304–05 (Fed. Cir. 2009).

B.   Lanham Act Attorney's Fees: 15 U.S.C. § 1117.

The Lanham Act allows courts to impose attorney's fees in "exceptional" cases. 15 U.S.C. § 1117(a). The Lanham Act and Patent Act utilizes the same standard for imposing attorney's fee. See Ga.-Pac. Consumer Prods. LP v. von Drehle Corp., 781 F.3d 710, 721 (4th Cir. 2015). Thus, a court may impose attorney's fees where "there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable," or where there is "otherwise the need in particular circumstances to advance considerations of compensation and deterrence." Id. (internal citations and quotations omitted). For the reasons elaborated on above, the court finds that imposition of attorney's fees is warranted in this case. Accordingly, defendant's motion will be granted.

C.   Attorney's Fees Under North Carolina Law: N.C. Gen. Stat. § 6–21.5

The court may impose attorney's fee if it finds that there was a "complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." N.C. Gen. Stat. § 6–21.5. A "justiciable issue" is one that is "real and present" as opposed to "imagined or fanciful." Sunamerica Fin. Corp. v. Bonham, 328 N.C. 254, 257 (1991) (quoting K&K Dev. Corp. v. Columbia Banking Fed. Sav. & Loan, 96 N.C. App. 474, 479 (1989)). "In order to find complete absence of

5

a justiciable issue it must conclusively appear that such issues are absent even giving the pleadings the indulgent treatment they receive on motions for summary judgment." Id.

The fact that § 6–21.5 uses the word "pleadings" does not limit the court's inquiry only to those documents. Rather, the plaintiff has "a continuing duty to review the appropriateness of persisting in litigating [his] claim" in the face of the defendant's various arguments and defenses. Id. at 258. In other words, "the trial court is required to evaluate whether the losing party persisted in litigating the case after a point where he should reasonably have become aware that the pleading he filed no longer contained a justiciable issue." Id.

On the facts of this case, plaintiff "should reasonably have become aware" that he lacked the statutory standing necessary to pursue his UDPA claim prior to summary judgment. See Credigy Receivables, Inc. v. Whittington, 202 N.C. App. 646, 655–57 (2010) (holding obvious lack of Constitutional standing sufficient basis upon which to impose § 6–21.5 sanctions). First, as discussed above, the evidence of record showed no decrease in CodePro 4500 or RapidKey 7000 sales attributable to defendant's conduct. Second, plaintiff acknowledged as much at deposition, when he agreed that he lacked damages sufficient to support his false marking claim. (Gravelle Dep. 169:1–20). Although plaintiff's admission was limited to his false marking claim, plaintiff's claimed basis for damages under the UDPA so closely tracked his claimed basis under the Patent Act that his admission fairly could be attributed to either of those claims. (See, e.g., Compl., DE 10, ¶4) (framing all claims as arising from a common injury).

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion for attorney's fees. (DE 76). The court DIRECTS defendant to file any affidavits, time sheets, or other evidence bearing on the

6

court's calculation of the lodestar amount within **30 days** after resolution of plaintiff's appeal by the United States Court of Appeals for the Federal Circuit. Plaintiff shall have **21 days** to respond to defendant's evidentiary proffer. Such response shall be limited in scope and should address only the reasonableness of defendant's claimed fees.

      SO ORDERED, this the 15th day of July, 2016.

                                          LOUISE W. FLANAGAN
                                          United States District Judge

7

Case 5:13-cv-00642-FL   Document 85   Filed 07/15/16   Page 7 of 7