IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-642-FL

| | |
|---|---|
| GORDON GRAVELLE o/a CodePro Manufacturing, ) ) ) Plaintiff, ) ) v. ) ) KABA ILCO CORP., ) ) Defendant. ) | ORDER |

This matter comes before the court on plaintiff's motion for relief, made pursuant to Federal Rule of Civil Procedure 60, (DE 90), and plaintiff's motion to extend deadline, (DE 101). The issues raised have been briefed fully and in this posture are ripe for ruling. For the reasons that follow, plaintiff's motion for relief is denied and plaintiff's motion to extend deadline is granted.

**BACKGROUND**

Plaintiff pro se initiated this matter on September 6, 2013. Plaintiff is a sole proprietor operating under the trade name CodePro Manufacturing with its principle place of business and headquarters located in Ontario, Canada. Plaintiff, as CodePro Manufacturing, designed and manufactured electronic key cutting machines. Defendant, a limited liability company organized and existing under the laws of North Carolina with its principal place of business in this state, manufacturers key blanks and key cutting or duplication machines. Plaintiff and defendant have a lengthy history, dating back almost a decade and beginning when defendant purchased from plaintiff the right to manufacture and sell a key cutting machine, now known as EZ Code.

In this case, plaintiff asserted against defendant three causes of action for false advertising due to defendant's marketing of EZ Code as containing several "patent pending" features. Plaintiff's claims were brought pursuant to the Patent Act, the Lanham Act, and the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq.[1]

Defendant filed a motion for summary judgment on December 9, 2015, following a lengthy discovery period. Following a court order enlarging plaintiff's time for filing dispositive motions, plaintiff filed a motion for summary judgment on January 21, 2016. On May 9, 2016, this court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment, holding that plaintiff failed to submit evidence sufficient to demonstrate 1) a "competitive injury" under the Patent Act, 2) damages proximately caused by defendant's conduct under the Lanham Act, and 3) injury proximately arising from defendant's conduct as required under North Carolina law. Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642-FL, 2016 WL 2644890 (E.D.N.C. May 9, 2016), aff'd, 684 F. App'x 974 (Fed. Cir. 2017).

Following entry of the court's summary judgment order, defendant filed a motion for attorney fees. Thereafter, plaintiff filed notice of appeal to the United States Court of Appeals for the Fourth Circuit and motion to transfer appeal to the United States Court of Appeals for the Federal Circuit, the latter of which was granted on June 23, 2016. While plaintiff's appeal was pending before the Federal Circuit, this court granted defendant's motion for attorney fees on July

---

[1] In addition, plaintiff sought a declaratory judgment declaring unenforceable an arbitration agreement existing between the parties. In response to defendant's motion to dismiss filed November 19, 2013, the court held that plaintiff's claim asserting the invalidity of the arbitration was barred by claim preclusion as decided by this court previously. Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642-FL, 2014 WL 1513138, at *2-3 (E.D.N.C. Apr. 16, 2014) (citing Gravelle v. Kaba Ilco Corp., No. 5:13-CV-160-FL, 2013 WL 5230355, at *5 (E.D.N.C. Sept. 16, 2013), aff'd, 561 F. App'x 267 (4th Cir. 2014)).

15, 2016. Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642-FL, 2016 WL 3920208, at *4 (E.D.N.C. July 15, 2016), vacated, 684 F. App'x 974 (Fed. Cir. 2017).

On April 12, 2017, the Federal Circuit, in part, affirmed this court's denial of plaintiff's motion for summary judgment but vacated and remanded the grant of defendant's motion for attorney fees, concluding "the matter warrants further consideration." Gravelle v. Kaba Ilco Corp., 684 F. App'x 974, 985 (Fed. Cir. 2017).[2]

On May 12, 2017, plaintiff filed the instant motion for relief from prior judgment pursuant to Rule 60 regarding both his motion for summary judgment and defendant's motion for attorney fees, to which defendant responded in opposition on June 2, 2017. Plaintiff replied to defendant's response on July 6, 2017, after seeking and receiving from the court an extension of time to file his reply, and in his reply plaintiff additionally requests Rule 11 sanctions against defendant.

During the same time period and in light of the Federal Circuit's ruling on appeal in this matter, the court, by text order, vacated its prior order granting attorney fees to defendant and reopened briefing concerning the same, directing defendant to file a supplemental motion by July 19, 2017 and for plaintiff to file a response by August 2, 2107.

On July 14, 2017, defendant filed its supplemental motion for attorney fees. However, plaintiff failed to file a timely response. Instead, on August 11, 2017, plaintiff filed the instant motion to extend deadline, requesting the court allow plaintiff to file his response within seven days following the court's ruling on plaintiff's motion for relief. Defendant filed a response in opposition to plaintiff's motion to extend on August 16, 2017.

---

[2] On May 1, 2017, plaintiff filed another action in this court, Civil Action No. 5:17-CV-207-FL, that is currently pending on plaintiff's in forma pauperis motion, against defendant and two its former employees, seeking relief again under North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq and under what plaintiff states is the "Competition Act of Canada."

3

**COURT'S DISCUSSION**

A.  Plaintiff's Motion for Relief

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

Plaintiff has filed his motion for relief from both the order granting defendant summary judgment and the order granting defendant attorney fees.[3] Plaintiff argues that the court should set aside its orders because 1) defendant has committed fraud on the court by stating it had not falsely advertised its EZ Code machine and by failing to provide contact information for certain employees; 2) plaintiff inadvertently "never tried in earnest to quantify actual monetary losses his business sustained"; 3) plaintiff would like to submit market consumer surveys that were not available at the time of summary judgment motions. None of these arguments support the existence of a meritorious

---

[3] As stated above, the court has vacated the court's order granting defendant attorney fees. However, the court will address all arguments offered by plaintiff in his motion for relief.

claim or raises a basis for relief from the judgments.

      1.        Rule 60(b)(3): Fraud

Rule 60(b)(3) provides for relief in cases of fraud or other misconduct by an opposing party. In order to make the requisite showing for relief under this rule, plaintiff must "prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claims." McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir.1991) (internal quotation marks omitted).[4] However, as noted above, the existence of a meritorious claim or defense is a threshold requirement for relief under Rule 60(b).

Here, plaintiff alleges that defendant lied in filings to the court as to whether defendant falsely advertised its EZ Code machine as having "patent pending"[5] and did not provide contact information for four employees and former employees that could have provided testimony concerning various aspects of defendant's business. (See DE 90). Assuming these allegations to be true, which defendant denies, (see DE 93), plaintiff in no way demonstrates he has a meritorious claim or that defendant's conduct prevented him from fully and fairly presenting his claims.

The court granted defendant's motion for summary judgment, and denied plaintiff's, because plaintiff failed to produce evidence that defendant's alleged actions caused damage to plaintiff's business. Gravelle, 2016 WL 2644890, at *6-8. Plaintiff's allegations of fraud, even if proven, do

---

    [4] The standard to assert "fraud on the court" under Rule 60(b)(3) is even higher. See Fox ex rel. Fox v. Elk Run Coal Co., 739 F.3d 131, 136 (4th Cir. 2014) (citation omitted) ("[T]he doctrine is limited to situations such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.").

    [5] Defendant states that it admitted that EZ Code was inadvertently marked as patent pending where no patent was pending both in response to plaintiff's request for admission and in defendant's motion for summary judgment. (DE 93 at 5-6). It appears that plaintiff's allegations rests on the denials asserted by defendant in its answer to plaintiff's complaint, (see, e.g., defendant's answer (DE 25) at 7 ("[Defendant] denies the allegations in paragraph 57.")), and in defendant's later assertion in its motion for summary judgment that it had not since the commencement of this action ever denied making false patent pending claims for EZ Code. (DE 90 at 6; DE 97 at 2-3).

not offer the court evidence that defendant's actions caused damage to plaintiff's business. Similarly, had plaintiff had the necessary contact information and deposed defendant's witnesses, as defendant argues in his brief, information received from those depositions would also not produce evidence that defendant's alleged actions caused damage to plaintiff's business. (See, e.g., DE 90 at 6 ("Mr. Hopkins could have provided . . . evidence . . . that [certain attributes of a key cutting machine] would be highly desirable feature for end-users of the EZ Code machine.")).

Finally, plaintiff's allegation of fraud concern standard evidentiary disputes, and as such provide no basis for relief. See Cleveland Demolition Co. v. Azcon Scrap Corp., a Div. of Gold Fields Am. Indus., 827 F.2d 984, 987 (4th Cir. 1987) ("If a routine evidentiary dispute, which occurs in virtually all trials, could justify an action for fraud on the court, then any losing party could bring an independent action to set aside the verdict, forcing extended proceedings in almost every case . . . . Rather than unravel the finality of judgments through the abuse of Rule 60(b), we adhere to the well-established rule that evidentiary conflicts must be resolved during the initial trial.").[6]

Accordingly, the court denies defendant's motion for relief based on Rule 60(b)(3).

2.  Rule 60(b)(1): Mistake or Excusable Neglect

Relief from the judgment due to excusable neglect under Rule 60(b)(1) is available only upon a showing that the movant "was not at fault and that the nonmoving party will not be prejudiced." Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4th Cir.1992).

---

[6] Plaintiff additionally asserts the court should impose Rule 11 sanctions due to defendant's fraudulent conduct. (See DE 97 at 5). Plaintiff also states in his motion to extend deadline, which the court addresses below, that plaintiff "further intends to serve and file a bona fide motion for Rule 11 sanctions . . . ." (DE 101 at 3). Because Rule 11 requires that a motion for sanctions be made separate from other motions and because plaintiff has signaled his intention to so file, the court will not address this issue at this time. The court, however, reminds plaintiff, mindful of his pro se status, that under Rule 11 "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."

Here, plaintiff asserts in two sentences that he would now like to submit evidence of actual injury being sustained by his company as a direct and proximate cause of the false patent pending claims for EZ Code, stating he previously "never tried in earnest to quantify actual monetary loss" due to the belief, "albeit mistakenly, that he was entitled to disgorgement of profits." (DE 90 at 7).

Plaintiff has not provided a sufficient excuse for his failure to provide the court with evidence as to damage to plaintiff's company, including plaintiff's failure to respond to numerous discovery requests inquiring as to the existence and extent of damage to his company wrought by defendant's actions. Similarly, plaintiff has offered no evidence or argument that he is not at fault that this evidence was not presented during the course of this litigation. Finally, plaintiff offers no evidence or argument that defendant will not be prejudiced by the court granting plaintiff's motion. See Schwartz v. United States, 976 F.2d 213, 218 (4th Cir. 1992) (citing Ackermann v. United States, 340 U.S. 193 (1950)) ("strategic decisions made during the course of litigation provide no basis for relief under 60(b)(6), even though with hindsight they appear wrong"); see also McCurry v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 595 (6th Cir.2002) ("[T]he uniform decisions of this and other circuits establish that [Rule 60(b)(1)] does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous.").

Accordingly, the court denies defendant's motion for relief based on Rule 60(b)(1).

3.   Rule 60(b)(2): Newly Discovered Evidence

Under Rule 60(b)(2), relief from judgment is provided only with respect to newly discovered evidence pertinent to one's claim. See Schultz v. Butcher, 24 F.3d 626, 631 (4th Cir.1994) (quoting

7

Anderson v. Cryovac, Inc., 862 F.2d 910, 924 n.10 (1st Cir.1988) ("Rule 60(b)(2) is aimed at correcting an erroneous judgment stemming from the unobtainability of evidence.").

Here, plaintiff generally requests the ability to submit "market consumer surveys" and states such evidence "was not available at the time of the summary judgment motion," but fails to specify the consumer surveys he wishes to bring to the attention of the court and provides no information or argument as to why such information would have been unavailable previously. (DE 90 at 7). Additionally, such evidence would not effect the outcome of this case which hinged on plaintiff's failure to prove evidence of damage to plaintiff's company.

In sum, plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 60(b) is without merit and is denied.

B.      Plaintiff's Motion for Extension of Time

As stated above, the court directed defendant to file a supplemental brief in support of its motion for attorney fees by July 19, 2017, which defendant did, and directed plaintiff to respond by August 2, 2017, which plaintiff did not. Instead on August 11, 2017, plaintiff filed the instant motion to extend deadline, arguing he should be allowed to file his opposition brief within seven days following the court's ruling on his Rule 60 motion because the court's ruling on that motion could render defendant's supplemental motion for attorney fees moot.

Defendant argues, correctly, that plaintiff has provided the court with no explanation for why plaintiff failed to file a response within the time frame provided by the court. (DE 102 at 5). Instead of offering an explanation, plaintiff's motion instead reargues at length plaintiff's allegations that defendant's counsel has engaged in fraudulent conduct. (See DE 101).

Again, given plaintiff's pro se status, the court will grant plaintiff's motion to extend time, allowing plaintiff until March 13, 2018 to file a response to defendant's supplemental motion for attorney fees. Plaintiff's response should address defendant's supplemental motion for attorney fees. Defendant has until March 21, 2018, to file a reply, if any, to plaintiff's response.

## CONCLUSION

Based on the foregoing, plaintiff's motion for relief, made pursuant to Federal Rule of Civil Procedure 60 (DE 90) is DENIED and plaintiff's motion to extend deadline (DE 101) is GRANTED. The court DIRECTS plaintiff to file by March 13, 2018, his response to defendant's supplemental motion for attorney fees. Defendant is allowed until March 21, 2018, to file a reply to plaintiff's response, if any. Thereupon the court will take up and decide the renewed motion for attorney fees.

SO ORDERED, this the 28th day of February, 2018.

LOUISE W. FLANAGAN
United States District Judge