IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-642-FL

| | |
|---|---|
| GORDON GRAVELLE o/a CodePro Manufacturing, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ORDER |
| KABA ILCO CORP., | ) ) |
| Defendant. | ) ) |

This matter comes before the court on plaintiff's response in opposition to defendant's supplemental motion for attorney fees, which the court construes as a motion for reconsideration of the court's March 16, 2018 order granting defendant's motion. (DE 105). The motion has been fully briefed, and, in this posture, the issues presented are ripe for ruling. For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

Plaintiff pro se commenced this action on September 6, 2013, asserting against defendant in part three causes of action for false advertising due to defendant's marketing of its key cutting machine, EZ Code, as containing several "patent pending" features, under the Patent Act, the Lanham Act, and the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq.

The parties and this case have a lengthy history, which the court has recounted elsewhere. (See, e.g., DE 104). As applicable to the resolution of the instant motion, following the Federal Circuit's affirmance of this court's grant of summary judgment against plaintiff and vacatur of the

award of attorney's fees, this court reopened briefing on the issue of attorney fees. As directed, defendant filed timely supplement to its motion for attorney fees on July 14, 2017. Plaintiff did not file a timely response but filed, on August 11, 2017, a motion to extend deadline, which the court granted on February 28, 2018. The court directed plaintiff to file his response to defendant's supplemental motion for attorney fees by March 13, 2018. Plaintiff failed to do so.

On March 16, 2018, the court granted in part defendant's supplemental motion for attorney fees, holding that in this case, plaintiff's litigation behavior rendered its case against defendant exceptional under both the Patent and Lanham acts, thus defendant is entitled to a reasonable award of fees for its defense of plaintiff's claims arising under those acts.[1] (DE 104). The court directed defendant to file any affidavits, time sheets, or other evidence bearing on the court's calculation of the lodestar amount within 30 days from the issuance of the order. On March 19, 2018, plaintiff filed the instant response in opposition to defendant's motion, which the court thereafter construed as motion for reconsideration of the court's March 16, 2018 order. The court therefore stayed deadlines previously imposed and allowed defendant to respond to plaintiff's motion for reconsideration, which defendant did on April 24, 2018. No reply was submitted by plaintiff.

## DISCUSSION

As construed, plaintiff moves for reconsideration of the court's March 16, 2018 order under either Federal Rule of Civil Procedure 59(e), which is only applicable to motions to alter or amend a final judgment, or Rule 54(b), which applies to reconsideration of interlocutory orders.[2] It is

---

[1] The court found the facts of the case did not warrant grant of attorney fees under N.C. Gen. Stat. §§ 6–21.5, 75–16.1.

[2] As stated above, final judgment was entered in this case on May 9, 2016 when the court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment. Gravelle v. Kaba Ilco Corp., No. 5:13-CV-642-FL, 2016 WL 2644890 (E.D.N.C. May 9, 2016), aff'd, 684 F. App'x 974 (Fed. Cir. 2017). The only issue

unnecessary for the court to resolve under which rule plaintiff moves; applying the standard most favorable to plaintiff, that of reconsideration of an interlocutory order, the court finds reconsideration of its March 16, 2018 unwarranted.

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Compared to post-judgment Rule 59(e) motions, Rule 54(b) gives district courts "broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017). The discretion provided by Rule 54(b), however, "is not limitless." Id. The court may revise an interlocutory order only in the following circumstances: 1) a subsequent trial produces substantially different evidence; 2) a change in applicable law; or 3) clear error causing manifest injustice. Id.[3]

In general, plaintiff's main argument that this case is not exceptional warranting award of attorney fees is that plaintiff should be considered the prevailing party in that plaintiff's main goal in filing the lawsuit, "stop[ping] KABA from falsely marketing their EZ-Code key machine, with erroneous patent pending claims," was achieved. (DE 105 at 10).

Whether true or not, the court granted an award of attorney fees because plaintiff litigated

---

remaining is the instant issue regarding attorney fees, which the court previously granted, but which the Federal Circuit vacated and remanded, concluding "the matter warrants further consideration." Gravelle v. Kaba Ilco Corp., 684 F. App'x 974, 985 (Fed. Cir. 2017).

[3] As explained by the Fourth Circuit, "[t]This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." Carlson, 856 F.3d at 325 (citations omitted).

3

this case in an unreasonable manner, as detailed in the court's March 16, 2018 order, in which the court stated "it does not appear that plaintiff is willing to adequately participate in the litigation he commences, committing discovery abuses compounded by a litigation strategy that entails filing new suits with the same claims against the same defendants when plaintiff's claims are not resolved to his satisfaction." (DE 110 at 9). Plaintiff's arguments do not provide a basis for the court to reconsider its order, and, accordingly, the court denies plaintiff's motion for reconsideration.[4]

## CONCLUSION

Based on the foregoing, plaintiff's response in opposition to defendant's supplemental motion for attorney fees, which the court construes as a motion for reconsideration of the court's March 16, 2018 order granting defendant's motion, (DE 105), is DENIED. The court lifts previously imposed stay, and directs defendant to file any affidavits, time sheets, or other evidence bearing on the court's calculation of the lodestar amount within 30 days from the issuance of this order as to defendant's defense of plaintiff's claims arising under the Patent and Lanham Acts. Plaintiff shall have 21 days to respond to defendant's evidentiary proffer. Such response shall be limited in scope and should address only the reasonableness of defendant's claimed fees.

---

[4] Plaintiff asserts defendant would not disclose contact information for its customers during the discovery process, which prevented plaintiff from "properly determin[ing] the issue of diversion of sales, arising from patent pending claims for automatic depth calibration." (DE 105 at 8). The court has previously held that it would not impose attorney fees based on whether the position taken by plaintiff was frivolous or objectively unreasonable, stating that "[t]hroughout this case plaintiff has fundamentally misunderstood what constitutes sufficient evidence to support a reasonable inference of damage caused by defendant," but holding that "[a]lthough this misunderstanding was fatal to plaintiff's case, in light of the court's assessment of the totality of the circumstances and the Federal Circuit's direction, the court does not find that plaintiff's position was so objectively unreasonable as to warrant the grant of attorneys fees under this factor." (DE 104 at 7). Plaintiff's argument regarding his inability to determine diversion of sales does not impact the court's analysis regarding plaintiff's litigation strategy.

SO ORDERED, this the 2nd day of November, 2018.

                                         LOUISE W. FLANAGAN
                                         United States District Judge