IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-642-FL

| | |
|---|---|
| GORDON GRAVELLE o/a CodePro Manufacturing, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    ORDER<br>)<br>) |
| KABA ILCO CORP., | )<br>) |
| Defendant. | ) |

This matter is before the court on plaintiff's motion to be relieved from order awarding attorneys' fees pursuant to Federal Rule of Civil Procedure 60(b). (DE 116). Defendant responded to the instant motion, and plaintiff replied. In this posture, the issues raised are ripe for ruling. For the following reasons, the court denies plaintiff's motion.

## BACKGROUND

On July 14, 2017, defendant filed motion for attorneys' fees. After expiration of the response deadline, plaintiff moved for an extension of time, which the court granted on February 28, 2018, directing plaintiff to respond by March 13, 2018. Plaintiff failed to do so.

On March 16, 2018, the court granted defendant's motion in part, awarding defendant attorneys' fees on grounds that plaintiff litigated the instant action in an unreasonable manner. Specifically, the court noted:

> Of particular concern is the way in which plaintiff litigated this case regarding information about his own company. . . . In response to interrogatories . . . plaintiff objected . . . on the grounds that was the request was irrelevant and privileged and refused to provide any information. In his deposition, which the court had to compel plaintiff to attend, plaintiff was still unable to identify the specific amount of sales, revenue, or profits he earned stating "you didn't ask me to bring those

> records, which I could have," indicating these records exist but that plaintiff refused to provide them in response to defendant's requests for production of documents.
>
> In his deposition, plaintiff testified that he had initiated 12-13 lawsuits and plans to file another action against defendant if the court denies his motion to extend discovery; following the court's denial of plaintiff's motion to extend discovery in this case, plaintiff did just that . . . it does not appear that plaintiff is willing to adequately participate in the litigation he commences, committing discovery abuses compounded by a litigation strategy that entails filing new suits with the same claims against the same defendants when plaintiff's claims are not resolved to his satisfaction.

(Order (DE 104) at 8-9).[1]

On March 19, 2018, plaintiff filed an untimely response to defendant's motion, arguing defendant was not entitled to attorneys' fees because plaintiff was the true prevailing party, as plaintiff had achieved his main goal of "stop[ping] KABA from falsely marketing their EZ-Code key machine." (DE 105 at 10). Because plaintiff responded after the court entered its order, the court construed plaintiff's filing as a motion for reconsideration of the court's March 16, 2018, order. The court found plaintiff's claim to be the true "prevailing party" immaterial, since it did not award attorneys' fees to the "prevailing party," but rather awarded attorneys' fees due to the unreasonable manner in which plaintiff litigated the instant action. Accordingly, the court denied plaintiff's motion.

Thereafter, defendant filed declaration of attorneys' fees. Plaintiff failed to respond, and the court entered order awarding defendant $68,393.49 in attorneys' fees August 8, 2019. On November 1, 2019, plaintiff filed the instant motion to be relieved from the court's order granting attorneys' fees on the ground of excusable neglect.

---

[1] Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

**DISCUSSION**

A.   Plaintiff's Motion for Relief from Order

Rule 60(b) of the Federal Rules of Civil Procedure authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for, among other things, "(1) mistake, inadvertence, or neglect; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice from setting aside the judgment. See Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings. Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If a movant satisfies these threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266.

Here, plaintiff argues he should be relieved from order due to excusable neglect. Specifically, plaintiff claims he mailed his response to defendant's motion for attorneys' fees March 12, 2018, for timely filing at the courthouse March 13, 2018. However, "the court receiving department rejected the urgent documents," and they were not delivered for filing until March 19, 2018. (DE at 117 at 2). In result, the court construed plaintiff's response as a motion to reconsider and evaluated it under "[a]n entirely different legal standard, which in turn proved fatal to [plaintiff]." Id. Plaintiff therefore seeks relief from the court's order and requests leave to file an additional response explaining why he did not 1) attend his first noticed deposition, 2) disclose documents during discovery, or 3) bring documents to the deposition he was compelled to attend.

Plaintiff fails to satisfy the requisite threshold conditions. First, his motion for relief from order is untimely. Under Rule 60(c)(1), a motion for relief due to excusable neglect must be filed "no more than a year after the entry of the judgment or order or date of the proceeding." Here, the court granted defendant's motion for attorneys' fees March 16, 2018, and plaintiff filed the instant motion November 1, 2019, almost eight months after the one-year deadline. Plaintiff claims he is instead seeking relief from order entered August 8, 2019. However, the mailing delay, which forms the basis of plaintiff's excusable neglect claim, affected his ability to timely file before the court's March 16, 2018, order, not the August 8, 2019, order.

Even if plaintiff could establish that the instant motion is timely, plaintiff fails to demonstrate that he has a meritorious defense to the award of attorneys' fees. Instead, he merely seeks leave to file another document explaining why he did not 1) attend his first noticed deposition, 2) bring documents to the deposition he was compelled to attend, or 3) disclose documents during discovery. However, by failing to provide any justification for those actions in the instant motion, plaintiff fails to make the requisite threshold showing that he is entitled to relief. See Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979) ("Courts require that a movant under Rule 60(b) assume the burden of showing a meritorious defense against the claim on which judgment was entered as a threshold condition to any relief whatsoever under the Rule.").

Finally, it bears noting that, even though the mailing delay rendered plaintiff's filing untimely, the court still considered and rejected the arguments advanced in that filing. Indeed, the court found plaintiff's claim to be the prevailing party immaterial to its award of attorneys' fees, where the court awarded attorneys' fees because of plaintiff's discovery abuses and unreasonable litigation behavior. Accordingly, even if the court had received plaintiff's filing sooner and

evaluated it as a response instead of a motion for reconsideration, the outcome would have been the same.

In sum, where plaintiff fails to satisfy threshold conditions, plaintiff is not entitled to relief from order.[2]

## CONCLUSION

Based on the foregoing, the court DENIES plaintiff's motion for relief from order. (DE 116).

SO ORDERED, this the 16th day of December, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] Having found that plaintiff fails to demonstrate a meritorious defense, the court declines to address whether the mailing delay constitutes excusable neglect.